<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a (Thompson) (2020 NY Slip Op 04367)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a (Thompson)

2020 NY Slip Op 04367

Decided on July 30, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="07302020">Decided and Entered: July 30, 2020</DateLine>

PM-99-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Karen Rachel Thompson, Also Known as Karen Rachel Thompson Shema, Respondent. (Attorney Registration No. 2776490.)

<DateLine type="prior_case_filed">Calendar Date: June 22, 2020</DateLine>

Before: Mulvey, J.P., Devine, Aarons, Pritzker and Colangelo, JJ.  

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Karen Rachel Thompson Shema, Givat Koach, Israel, respondent pro se.

Per Curiam.

Respondent was admitted to practice by this Court in 1996 and presently lists a business address in Israel with the Office of Court Administration. Respondent was suspended from the practice of law by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1756 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Upon curing her registration delinquency in January 2020, respondent has moved, by application marked returnable on the adjourned date of June 22, 2020, for her reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has opposed respondent's motion based upon certain identified deficiencies, and respondent has since submitted supplemental documentation addressing AGC's concerns.

"All attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this

Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) that it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenniger], 180 AD3d 1317, 1317-1318 [2020] [citation omitted]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). A reinstatement applicant must further provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).

We initially note that, given the length of her suspension, respondent properly submits a sworn affidavit in the form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent has requested therein a waiver of the Multistate Professional Responsibility Examination (hereinafter MPRE) requirement applicable to attorneys seeking reinstatement from suspensions of longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349 [2019]). As we have previously noted, "[t]he MPRE requirement serves two important purposes: it reemphasizes the importance of ethical conduct to attorneys who have been subjected to serious public discipline, and it also reassures the general public that such attorneys have undergone retraining in the field of professional responsibility" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Consequently, to qualify for a waiver, an applicant must demonstrate "good cause," which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).

Upon review of the documentation provided by respondent in support of her application, we are persuaded that a waiver of the MPRE requirement is appropriate in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Respondent has submitted proof demonstrating her continuing legal employment as a senior associate in a law firm in Israel and her blemish-free disciplinary history in that country. She additionally maintains that further training in professional responsibility is not necessary, inasmuch as she has regularly followed all "bar ethics requirements" in Israel (see Matter of Jing Tan, 164 AD3d 1515, 1518 [2018]). Under these circumstances, we agree that it is unnecessary for respondent to undergo further MPRE testing, and we accordingly grant her request for a waiver.

As for the remainder of respondent's application, we conclude that she has sufficiently established by clear and convincing evidence that she has satisfied the above three-part test applicable to attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d at 1223). Respondent has sufficiently demonstrated her compliance with the order of suspension. As to her character and fitness, respondent's application materials raise no cause for concern, inasmuch as she reports no criminal record and she further attests that she has not been the subject of any adverse disciplinary action or governmental investigation since her suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31).[FN1] Respondent also attaches a certificate of good standing from Israel (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 13).[FN2] We further conclude that respondent's reinstatement would be in the public interest. Giving due consideration to the fact that respondent's misconduct does not raise any concerns regarding a possible harm to the public, we find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Serbinowski], 164 AD3d 1049, 1051 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Timourian], 153 AD3d 1513, 1515 [2017]). We therefore grant respondent's motion and reinstate her to the practice of law in New York, effective immediately.

Mulvey, J.P., Devine, Aarons, Pritzker and Colangelo, JJ., concur.

ORDERED that respondent's motion is granted; and it is further

ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.

Footnotes

Footnote 1: Although respondent's New Jersey law license is currently "administratively revoked" due to a lapse in her registration and she is not currently authorized to practice law in New Jersey, this status is not considered to be discipline in that state.
<Para level="1">

Footnote 2: Although AGC properly objects to respondent's use of a different surname on her employer's website without having first changed her name on New York's roll of attorneys (see generally Matter of Attorneys in Violation of Judiciary Law § 468-a [Hui-Ju Wang], 183 AD3d 1225, 1227 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Xi Yang], 175 AD3d 823, 824 [2019]), we note that respondent's change in name is reflected in her documentation concerning her bar admission in Israel. Under these circumstances, we do not find that the irregularity is an impediment to respondent's reinstatement.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>