Matter of Attorneys in Violation of Judiciary Law § 468-a. (Thurston) (2020 NY Slip Op 04624)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Thurston)

2020 NY Slip Op 04624

Decided on August 20, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 20, 2020

PM-108-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Christine Ann Thurston, Also Known as Christine Ann Fosco, Respondent. (Attorney Registration No. 4587754.)

Calendar Date: July 6, 2020
Before: Egan Jr., J.P., Lynch, Mulvey, Pritzker and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Emery Celli Brinckerhoff & Abady LLP, New York City (Hal R. Lieberman of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2008 and was admitted that same year in her home jurisdiction of Illinois. Respondent was previously admitted to practice in New Jersey in 2007. By May 2019 order of this Court, respondent was suspended from the practice of law indefinitely for conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2010-2011 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1756 [2019]). Respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, in succession, for an order granting her leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) states that it defers to this Court's discretion on the overall disposition of respondent's successive motions.
Respondent seeks to avail herself of an expedited procedure approved by this Court wherein she seeks her reinstatement and contemporaneously requests leave to resign for nondisciplinary reasons (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], ___ AD3d ___, ___, 2020 NY Slip Op 03840, *1 [2020]). In doing so, respondent seeks a waiver of the requirement that she retake the Multistate Professional Responsibility Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), contending that her desire to cease practicing law in this state obviates the need for any ethical retraining (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d 1243, 1244 [2019]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]; Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Having considered the factors relevant to her request, including the fact that she is not seeking reinstatement from a sanction stemming from severe misconduct, we find her situation analogous to the circumstances that have previously justified a waiver and, accordingly, we grant her request (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], 2020 NY Slip Op 03840 at *1).
Turning to the remainder of her application for reinstatement, we initially find that respondent's application satisfies the threshold requirement of a sworn affidavit in the proper form provided for in appendix C of the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, as is required for all attorneys suspended for longer than six months. Further, Office of Court Administration records confirm that respondent has rectified her outstanding registration delinquency (see Judiciary Law § 468-a; Rules of Chief Admin of Cts [22 NYCRR] § 118.1).
We have further determined that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspensions in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], ___ AD3d ___, ___, 2020 NY Slip Op 04367, *1 [2020]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Specifically, respondent has demonstrated her compliance with the order of suspension, as she attests to having never practiced law in any respect in this state, which effectively negates any obligation to contact any client, return client property or return any fees. Further, we find that respondent has demonstrated the requisite character and fitness for reinstatement, as she attests to having no criminal record and that she is not the subject of any governmental investigation (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 30, 31).[FN1] We also find that respondent's reinstatement would be in the public interest, as the nature of her misconduct and her otherwise clean disciplinary history establish that no detriment would inure to the public from her reinstatement, and "the public would benefit from reinstating an attorney with an otherwise clean disciplinary history in order for her to resign in good standing" (Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d at 1245). Finally, we find no concerns with respondent's corresponding application for leave to resign for nondisciplinary reasons. We therefore grant respondent's motion in its entirety, reinstate her to the practice of law and immediately grant her application for nondisciplinary resignation.
Egan Jr., J.P., Lynch, Mulvey, Pritzker and Colangelo, JJ., concur
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York; and it is further
ORDERED that respondent's application for permission to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.
Footnotes

Footnote 1: We note that respondent has conceded that her license to practice law in New Jersey has been "administratively revoked." However, as New Jersey does not consider the revocation of her license to be a disciplinary sanction, her attestation in her affidavit that she has not been professionally disciplined in any jurisdiction is appropriate (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 2020 NY Slip Op 04367 at *1 n 1). Further, respondent provides proof that she is in good standing in Illinois, her home jurisdiction (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶ 13).