<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a. (Pratt) (2020 NY Slip Op 04625)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a. (Pratt)

2020 NY Slip Op 04625

Decided on August 20, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="08202020">Decided and Entered: August 20, 2020</DateLine>

PM-109-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Victoria Francisca Pratt, Also Known as Victoria Francisca Pratt Lucien, Respondent. (Attorney Registration No. 2951150.)

<DateLine type="prior_case_filed">Calendar Date: August 10, 2020</DateLine>

Before: Garry, P.J., Egan Jr., Lynch, Devine and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Victoria Francisca Pratt, Montclair, New Jersey, respondent pro se.

Per Curiam.

Respondent was admitted to practice by this Court in 1999 and is also admitted in New Jersey, where she currently lists a business address with the Office of Court Administration. By May 2019 order of this Court, respondent was suspended from the practice of law for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2015 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1748 [2019]). Upon curing her registration delinquency in January 2020, respondent moved for her reinstatement, referencing factors in her papers supporting a waiver of the requirement that she retake the Multistate Professional Responsibility Examination (hereinafter MPRE) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Although the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) initially opposed respondent's motion based upon certain deficiencies in her reinstatement application, respondent thereafter supplied a supplemental submission addressing these concerns.[FN1] Respondent also formally moved for an order granting her leave to resign for nondisciplinary reasons upon her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22).

Initially, given respondent's current suspension in this state, we note that she would not generally be eligible for nondisciplinary resignation until she is reinstated; however, when a respondent's request for reinstatement is made contemporaneously with his or her request to resign, this Court has permitted an expedited procedure allowing for the successive grant of the two forms of relief where appropriate, "and that so doing may also provide the potential justification for a waiver of the MPRE requirement" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], ___ AD3d ___, ___, 2020 NY Slip Op 03840, *1 [2020]; see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d 1243, 1244 [2019]).

Here, our review of respondent's reinstatement application and her supplemental submission confirms that she has sufficiently addressed the requisite standard, namely that "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317—1318 [2020]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Given the length of her suspension in excess of six months, respondent properly submits a sworn affidavit in the proper form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). As for respondent's request for a waiver of the MPRE requirement, we conclude that respondent has sufficiently demonstrated that neither MPRE testing nor ethical retraining is necessary given her motion "to simultaneously resign in conjunction with her motion for reinstatement" (Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d at 1244). Accordingly, inasmuch as respondent has, among other things, cured her registration delinquency and is not seeking reinstatement from serious public discipline, we conclude that the requirement of additional MPRE testing can be waived in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], 2020 NY Slip Op 03840 at *1).

As for the remainder of respondent's reinstatement application, inasmuch as respondent has sufficiently demonstrated her compliance with the order of suspension and, further, that her application documentation shows no cause for concern as to her character and fitness (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]), we conclude that reinstatement is appropriate. Additionally, given respondent's application submissions and the nature of her misconduct, we find that respondent's reinstatement and ability to resign from the New York bar with an otherwise clean disciplinary history would be in the public interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d at 1245). Thus, given that respondent has established by clear and convincing evidence that she has satisfied the above-referenced three-part test applicable to all attorneys seeking reinstatement from disciplinary suspension, we grant respondent's motion in its entirety, reinstate her to the practice of law and immediately grant her application for nondisciplinary resignation.

Garry, P.J., Egan Jr., Lynch, Devine and Colangelo, JJ., concur.

ORDERED that respondent's motion for reinstatement is granted; and it is further

ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York; and it is further

ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further

ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further

ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.

Footnotes

Footnote 1: Finding no open claims against respondent, the Lawyers' Fund for Client Protection advises that it does not oppose her reinstatement to the practice of law.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>