Matter of Attorneys in Violation of Judiciary Law § 468-a. (Wilson) (2020 NY Slip Op 05123)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Wilson)

2020 NY Slip Op 05123

Decided on September 24, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2020

PM-121-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Robert Geoffrey Wilson, Respondent. (Attorney Registration No. 2707636.)

Calendar Date: September 8, 2020
Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Robert Geoffrey Wilson, Somerville, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1995. He is also admitted to practice in New Jersey, where he presently lists a business address with the Office of Court Administration. By January 2014 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 commencing in 2005 (Matter of Attorneys in Violation of Judiciary Law § 468, 113 AD3d 1020, 1057 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Notably, although respondent cured his registration delinquency in June 2016, and has since remained current, he remained suspended from the practice of law in this state and did not immediately seek reinstatement. Now, by application marked returnable September 8, 2020, respondent has moved for his reinstatement in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]). Noting certain omissions in respondent's submission, petitioner advises that it opposes respondent's application.[FN1]
Our review of respondent's reinstatement application confirms that he has sufficiently addressed the requisite three-part standard, namely that "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468—a [Pratt], ___ AD3d ___, ___, 2020 NY Slip Op 04625, *1 [2020] [internal quotation marks and citation omitted]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). An applicant for reinstatement must also provide, as a threshold matter, certain required documentation in support of his or her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C).
Initially, given the length of his suspension, respondent properly submits a sworn affidavit in the proper form set forth in appendix C to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Respondent has also submitted sufficient threshold documentation in support of his application, including proof that he successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, the submitted materials confirm respondent's compliance with the order of suspension and the Rules of this Court. Finally, inasmuch as respondent has demonstrated that he possesses the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Mahoney], 179 AD3d 1352, 1353 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Koschwitz], 176 AD3d 1300, 1301 [2019]), we grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.
Egan Jr., J.P., Clark, Mulvey, Aarons and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Finding no open claims against respondent, the Lawyers' Fund for Client Protection advises that it does not oppose his reinstatement to the practice of law.