Matter of Attorneys in Violation of Judiciary Law § 468-a. (Patel) (2020 NY Slip Op 06195)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a. (Patel)

2020 NY Slip Op 06195

Decided on October 29, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 29, 2020

PM-144-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Alpa Vinod Patel, Respondent. (Attorney Registration No. 2631414.)

Calendar Date: October 13, 2020
Before: Garry, P.J., Mulvey, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Alpa Vinod Patel, Terre Haute, Indiana, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1994. She is also admitted to practice in Connecticut, New Jersey and Pennsylvania, and she currently lists a business address in Pennsylvania with the Office of Court Administration. By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 beginning in 2002 (Matter of Attorneys in Violation of Judiciary Law § 468, 65 AD3d 1447, 1472 [2009]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Having cured her registration delinquency in February 2019, respondent now applies for her reinstatement pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16. Petitioner has submitted correspondence deferring to this Court's discretion as to respondent's reinstatement application.[FN1]
Initially, we find that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [2020]). Given the length of her suspension from practice, respondent properly submits a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). She has also submitted sufficient threshold documentation in support of her application, including proof that she successfully completed the Multistate Professional Responsibility Examination within one year of her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]).
We further determine that respondent has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspension or disbarment (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Gibson], 186 AD3d 961, 962 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). The submitted materials establish respondent's compliance with the order of suspension and the Rules of this Court (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Wilson], 186 AD3d 1874, ___, 2020 NY Slip Op 05123, 1* [2020]). Additionally, we find that respondent has clearly and convincingly demonstrated that she possesses the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate her to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Mahoney], 179 AD3d 1352, 1353 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Koschwitz], 176 AD3d 1300, 1301 [2019]). Accordingly, we grant respondent's motion.
Garry, P.J., Mulvey, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: The Lawyers' Fund for Client Protection advises that there are no open claims pertaining to respondent and that it therefore defers to the Court's discretion as to respondent's reinstatement.