Matter of Attorneys in Violation of Judiciary Law § 468-a (Mayes) (2021 NY Slip Op 05160)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Mayes)

2021 NY Slip Op 05160

Decided on September 30, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 30, 2021

PM-125-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Laurie Ann Mayes, Respondent. (Attorney Registration No. 3005840.)

Calendar Date:August 23, 2021
Before:Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Frankfurt Kurnit Klein & Selz, PC, New York City (Viviane Scott of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 2000 and is also admitted in Florida, where she resides and practices law. She was suspended from the practice of law in this state by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations since the 2006-2007 biennial period (113 AD3d 1020, 1042 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, in succession, for an order granting her leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). Petitioner advises that it defers to this Court's discretion as to the overall disposition of respondent's motion.[FN1]
At the outset, it is noted that respondent seeks to avail herself of an expedited procedure approved by this Court wherein she seeks her reinstatement to the practice of law in this state and contemporaneously requests leave to resign for nondisciplinary reasons (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Thurston], 186 AD3d 963 [2020]; Matter of Attorneys in Violation of Judiciary Law §
468-a [Menar], 185 AD3d 1200 [2020]). Turning, first, to the reinstatement issue, we find that respondent's application satisfies the threshold requirement of a sworn affidavit in the proper form provided for in appendix C of the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, as is required for all attorneys suspended for longer than six months. Notably, while respondent initially sought a waiver of the requirement that she demonstrate her successful completion of the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year of the filing of her application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]), she has since mooted this request by supplementing her application with proof that she achieved a passing score on the MPRE administered in August 2021.
Additionally, we have further determined that respondent's submission establishes by clear and convincing evidence that she has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspensions in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pastor], 194 AD3d 1307, 1309 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [2020]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Specifically, respondent has sufficiently established her compliance with the order of suspension, as she attests to having never represented any clients in this state, which effectively negates any obligation to contact any client, return client property or return any fees. We [*2]also find that respondent has demonstrated the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pratt], 186 AD3d 965 [2020]).
Moreover, given respondent's application submissions and the nature of her misconduct, which does not involve a high degree of severity (see generally Matter of Sklar, 186 AD3d 1773, 1775 [2020]), we find that respondent's reinstatement and ability to resign from the New York bar with an otherwise clean disciplinary history would be in the public interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d 1243, 1245 [2019]). Thus, we grant respondent's motion in its entirety, reinstate her to the practice of law and immediately grant her application for nondisciplinary resignation.
Lynch, J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York; and it is further
ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [6b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's motion.