<HTML>

<HEAD>

<TITLE>Matter of Attorneys in Violation of Judiciary Law §468-a. (Menar) (2020 NY Slip Op 03840)</TITLE>

<STYLE>

BODY {

font-family : "Times New Roman", Times, serif;

font-size : larger;

}

P {

line-height: 150%;

text-indent: 2em

}

</STYLE>

</HEAD>

<BODY bgcolor=#ffffff>

Matter of Attorneys in Violation of Judiciary Law 468-a. (Menar)

2020 NY Slip Op 03840

Decided on July 9, 2020

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

<DateLine type="decided" mdy="07092020">Decided and Entered: July 9, 2020</DateLine>

PM-85-20

[*1]In the Matter of Attorneys in Violation of Judiciary Law §468-a. Paula Alejandra Menar, Respondent. (Attorney Registration No. 4249280)

<DateLine type="prior_case_filed">Calendar Date: June 15, 2020</DateLine>

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Paula Alejandra Menar, Millstone Twp., New Jersey, respondent pro se.

Per Curiam.

Respondent was admitted to practice by this Court in 2004. She was previously admitted in New Jersey, where she now lists a business address with the Office of Court Administration. By May 2019 order of this Court, respondent was suspended from practice for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2012 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1741 [2019]). Upon curing her registration delinquency in January 2020, respondent, by motion marked returnable on the adjourned date of July 15, 2020, now applies for her reinstatement with a request for waiver of the requirement that she retake the Multistate Professional Responsibility Examination (hereinafter MPRE) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]) and, in succession, for an order granting her leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has opposed respondent's motion based upon certain deficiencies in her reinstatement application,[FN1] and respondent has since submitted supplemental correspondence addressing AGC's concerns.

Initially, we note that, given respondent's current suspension in this state, she would not generally be eligible for nondisciplinary resignation until she is reinstated (see generally Matter of Scaliti, 182 AD3d 982, 982 [2020]; Matter of Cluff, 148 AD3d 1346, 1346 [2017]). Nonetheless, this Court has recently approved an expedited procedure where — when a respondent's request for reinstatement is made contemporaneously with his or her request to resign — such relief can be granted in appropriate circumstances, and that so doing may also provide the potential justification for a waiver of the MPRE requirement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d 1243 [2019]).

Here, our review of the totality of respondent's reinstatement application confirms that she has sufficiently addressed the requisite standard "[a]ll attorneys seeking reinstatement from suspension must establish, by clear and convincing evidence, [namely,] that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468—a [Nenninger], 180 AD3d 1317, 1317—1318 [2020]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Given the length of her suspension, respondent properly submits a sworn affidavit in the proper form (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, app C) and Office of Court Administration records confirm that she is now current with her biennial registration requirements (see Judiciary Law § 468—a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). As for respondent's request for a waiver of the MPRE requirement, we conclude, as was the case in Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro] (177 AD3d at 1244), that respondent has sufficiently demonstrated that further MPRE testing is not necessary given her motion "to simultaneously resign in conjunction with her motion for reinstatement." By doing so, she "has obviated the need for ethical retraining, as she will no longer be admitted to the practice of law in this state (id.)" Accordingly, inasmuch as respondent has, among other things, cured her registration delinquency and is not seeking reinstatement from serious public discipline, we grant her request for a waiver from additional MPRE testing (see id.).

As for the remainder of respondent's reinstatement application, we find that respondent has sufficiently demonstrated her compliance with the order of suspension and, further, that her application documentation shows no cause for concern as to her character and fitness (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]). Additionally, given respondent's application submissions and the nature of her misconduct, we find that respondent's reinstatement and ability to resign from the New York bar with an otherwise clean disciplinary history would be in the public interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d at 1245). Consequently, we find that respondent has established by clear and convincing evidence that she has satisfied the above-referenced three-part test applicable to all attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d at 1223). We therefore grant respondent's motion in its entirety, reinstate her to the practice of law and immediately grant her application for nondisciplinary resignation.

Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ., concur.

ORDERED that respondent's motion for reinstatement is granted; and it is further

ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York; and it is further

ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further

ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further

ORDERED that shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.

Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.

<FORM METHOD="LINK" ACTION="../../slipidx/aidxtable_3.shtml">

<INPUT TYPE="submit" VALUE="Return to Decision List">

</FORM>

</BODY>

</HTML>