Matter of Sklar (2020 NY Slip Op 04898)





Matter of Sklar


2020 NY Slip Op 04898


Decided on September 3, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 3, 2020

PM-113-20

[*1]In the Matter of Lori Jo Sklar, a Suspended Attorney. (Attorney Registration No. 2623650).

Calendar Date: July 6, 2020

Before: Lynch, J.P., Clark, Mulvey, Devine and Colangelo, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Lori Jo Sklar, Minnetonka, Minnesota, respondent pro se.



Per Curiam.
Respondent was admitted to practice by this Court in 1994 and currently lists a business address in Minnetonka, Minnesota with the Office of Court Administration. In March 2017, respondent was suspended from the practice of law for one year by the Supreme Court of California, with the execution of such suspension stayed for all but the first 30 days. Respondent's suspension arose from sustained allegations that she had engaged in misleading conduct in connection with her application for counsel fees in a class action, and had disregarded two separate court orders (see Matter of Sklar on Discipline, 2017 Cal LEXIS 2324 [Cal 2017], cert denied ___ US ___, 138 S Ct 190 [2017]; see also Matter of Sklar, 2016 WL 6462150 [Rev Dept, Cal Bar Ct 2016]). Thereafter, upon motion of the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), this Court suspended respondent from the practice of law for a three-month period due to her California misconduct (Matter of Sklar, 167 AD3d 1142 [2018], appeal dismissed and lv denied 34 NY3d 972 [2019]).
Respondent now moves for, in succession, her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and for leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). AGC has submitted an affidavit opposing respondent's motion in its entirety, and respondent has submitted a supplemental affidavit addressing AGC's points in opposition and further supplementing the responses in her original affidavit.
Notably, having been suspended by this Court for a three-month period, respondent was initially entitled to avail herself of the less onerous forms and procedures applicable to attorneys suspended for a period of less than six months (see Matter of Jing Tan, 164 AD3d 1515, 1517-1518 [2018]). Owing to her delay in moving for her reinstatement, however, respondent must now meet the procedural requirements for those attorneys serving suspensions greater than six months, which, among other things, requires that she submit proof that she successfully passed the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year of the date of her motion for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). However, as part of her motion, respondent asks this Court to waive the MPRE requirement, contending, in part, that her simultaneous request for resignation obviates the need for additional ethical retraining (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d 1243, 1244 [2019]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
Respondent's request bears similarity to other recently approved applications seeking a waiver of the MPRE requirement justified on similar grounds. However, we note that the prior cases where we have approved such relief involved attorneys seeking reinstatement from suspensions arising from registration delinquencies (Matter of Attorneys in Violation of Judiciary Law § 468-a [Thurston], ___ AD3d ___, ___, 2020 NY Slip Op 04624, *1 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], 185 AD3d 1200, 1202 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d at 1244). Conversely, although we do not intend to diminish the seriousness of failing to comply with the registration requirements of this state, on the motion before us, respondent seeks reinstatement from misconduct of a higher degree of severity. In this respect, we note that the discipline from which the reinstatement is sought is necessarily part of our consideration, as our assessment of the appropriateness of a waiver of the MPRE requirement must take into account the need to "reemphasize[] the importance of ethical conduct to attorneys who have been subjected to serious public discipline" (Matter of Cooper, 128 AD3d 1267, 1267 [2015]). Accordingly, a waiver request justified solely by a simultaneous request to resign will likely not suffice in most instances where an attorney seeks reinstatement from a suspension that resulted from significant misconduct.
Notwithstanding these concerns, respondent provides several additional facts supportive of her waiver request (cf. Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d at 1224). Specifically, as part of her disciplinary sanction in California, respondent was required to successfully pass the MPRE within one year of the disciplinary order, which she did in March 2018. Although her 2018 MPRE score is too old to satisfy the requirements of Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (b), we find that it is still relevant to our overall consideration of her waiver request. Respondent has also provided proof that she has attended various continuing legal education (hereinafter CLE) courses in professionalism and ethics during the period of her suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Holtz], 185 AD3d 1277, 1280 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Based upon the totality of circumstances related to her waiver request, we find that a waiver of the MPRE requirement is warranted and proceed to our assessment of the remainder of her application (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [2020]).[FN1]
We next find that respondent has properly submitted a sworn affidavit in the proper form provided for in appendix C of the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, as is required for all attorneys suspended for longer than six months. Respondent initially submitted a duly-sworn affidavit that omitted various supplemental documents required by the appendix C form affidavit to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240; however, we find that her supplemental submission has provided the necessary information for our determination as to "whether the requisite character and fitness has been established and whether [respondent's] reinstatement would be in the public interest" (Matter of Jing Tan, 164 AD3d at 1518; see Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1443-1444 [2018]).
Turning to her satisfaction of the three-part test applicable to all attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d at 1317-1318), we first find that respondent has demonstrated her compliance with the order of suspension, as she attests that she has not practiced law in New York since the date of her suspension and has not received any compensation for legal work in this state or possessed any client property. Further, we note that respondent timely filed an affidavit of compliance attesting to her compliance with the order of suspension and Rules of this Court governing the conduct of suspended attorneys (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15 [f]). As to her character and fitness, we have considered, among other factors, respondent's CLE coursework, as well as her reinstatement to the practice of law in California, Minnesota and New Jersey (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Samson], 176 AD3d 1566, 1567 [2019]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]). Further, we note that respondent has an otherwise clean disciplinary history beyond the various disciplinary proceedings stemming from her California misconduct. Accordingly, we find that respondent has established that she possesses the requisite character and fitness for reinstatement. Finally, we find that respondent's reinstatement would be in the public interest, as she has regained her ability to practice law in the aforementioned jurisdictions and has properly complied with the terms of her suspension (see Matter of Couloute, 175 AD3d 1717, 1718-1719 [2019]). Turning to that part of respondent's application seeking leave to resign for nondisciplinary reasons, we find no impediment to the relief sought. We therefore grant respondent's motion in its entirety, reinstate her to the practice of law and immediately grant her application for nondisciplinary resignation.
Lynch, J.P., Clark, Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York; and it is further
ORDERED that respondent's application for permission to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.



Footnotes

Footnote 1: As part of its opposition, AGC contends that, in the event that this Court ultimately grants all of respondent's requested relief, respondent will face no impediment to reapplying for admission at any point in the future. However, although respondent could indeed seek her reinstatement at any point after she resigns for nondisciplinary reasons, we note that we are empowered to impose whatever conditions we deem appropriate before granting her request, including requiring her to successfully complete the MPRE (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; Matter of Tuve, 171 AD3d 1392, 356 [2019]).