Matter of Attorneys in Violation of Judiciary Law § 468-a (Pastor) (2021 NY Slip Op 03243)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Pastor)

2021 NY Slip Op 03243

Decided on May 20, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 20, 2021

PM-62-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Appellant; Bernard Pastor, Respondent. (Attorney Registration No. 2704195.)

Calendar Date:April 19, 2021
Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Law Offices of Michael S. Ross, New York City (Michael S. Ross of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1995 and is also admitted in Florida, where he currently resides and practices law at the Miami-Dade County Attorney's Office. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2014 onward (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1746 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). After curing his registration delinquency in October 2020, respondent has now moved, by application marked returnable on April 19, 2021, for his reinstatement. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it opposes respondent's motion solely on the basis of his failure to fulfill the requirement that he successfully pass the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to seeking reinstatement, and otherwise defers to the Court as to the disposition of respondent's motion.[FN1]
Initially, we note that respondent has satisfied the procedural requirements for an attorney seeking reinstatement to the practice of law from a suspension of more than six months (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1318 [2020]) by, among other things, submitting a sworn affidavit in the proper form set forth in appendix C to Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). As for the threshold documentation required to be submitted in support of his application, respondent has requested a waiver of the MPRE requirement applicable to all attorneys seeking reinstatement from suspensions of more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349 [2019]). As we have noted previously, a reinstatement applicant must demonstrate "good cause" in order to be granted an MPRE waiver, which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
Upon reviewing the extensive documentation submitted by respondent in support of his application, we are persuaded that a waiver of the MPRE requirement is appropriate in this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Respondent has submitted proof demonstrating[*2], among other things, his continuing legal employment as a government attorney in Florida, his otherwise blemish-free disciplinary history and his completion of numerous credit hours of continuing legal education devoted to legal ethics. Under these circumstances, we agree that it is not necessary for respondent to undergo further MPRE testing, and we therefore grant his request for a waiver.
As for the remainder of respondent's application, we find that his submission establishes by clear and convincing evidence that he has satisfied the three-part test applicable to all attorneys seeking reinstatement from disciplinary suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [2019]). Respondent has sufficiently demonstrated his compliance with the order of suspension. As to his character and fitness, respondent's application materials raise no cause for concern, as he reports no criminal record and he further attests that he has not been the subject of any adverse disciplinary action or governmental investigation since his suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix C, ¶¶ 14, 30, 31). We additionally conclude that respondent's reinstatement would be in the public interest. Further, giving due consideration to the nature of respondent's misconduct, as well as his otherwise spotless disciplinary history, we find that no detriment would inure to the public from respondent's reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Giordano], 186 AD3d 1827, 1829 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d at 1223). We accordingly grant respondent's motion and reinstate him to the practice of law in New York, effective immediately.
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that respondent's motion is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.