Matter of Attorneys in Violation of Judiciary Law § 468-a (Fernando) (2021 NY Slip Op 05614)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Matter of Attorneys in Violation of Judiciary Law  468-a (Fernando)

2021 NY Slip Op 05614

Decided on October 14, 2021

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 14, 2021

PM-139-21
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Kanchana Nilmini Fernando, Respondent. (Attorney Registration No. 5075668.)

Calendar Date:August 30, 2021
Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Kanchana Nilmini Fernando, Leominster, Massachusetts, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2012 and is also admitted in Massachusetts, where she resides and
practices law. Respondent was suspended from the practice of law in New York by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from her noncompliance with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 from 2015 onward (Matter of Attorneys in Violation of Judiciary Law § 468, 172 AD3d 1706, 1722 [2019]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). After curing her registration delinquency in May 2021, respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, in succession, for an order granting her leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it defers to our discretion as to the disposition of respondent's motion.[FN1]
Initially, it is noted that respondent seeks to avail herself of an expedited procedure approved by this Court wherein she seeks her reinstatement to the practice of law in this state and contemporaneously requests leave to resign for nondisciplinary reasons (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Thurston], 186 AD3d 963 [2020]; Matter of Attorneys in Violation of Judiciary Law §
468-a [Menar], 185 AD3d 1200 [2020]). Turning, first, to the reinstatement issue, we find that respondent's application satisfies the threshold requirement of a sworn affidavit in the proper form provided for in appendix C of the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, as is required for all attorneys suspended for longer than six months. As for other threshold documentation required to be submitted in support of her application, respondent has requested a waiver of the Multistate Professional Responsibility Examination (hereinafter MPRE) requirement applicable to all attorneys seeking reinstatement from suspensions of more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349 [2019]). As we have noted previously, a reinstatement applicant must demonstrate "good cause" in order to be granted an MPRE waiver, which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]).
Upon review of the extensive documentation submitted by respondent in support of her application, we are persuaded that a waiver of the MPRE requirement is appropriate in [*2]this instance (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Ohm], 183 AD3d 1221, 1223 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Respondent has submitted proof demonstrating, among other things, her continuing legal employment as a prosecutor in Massachusetts, her otherwise blemish-free disciplinary history in that state and her completion of numerous credit hours of continuing legal education devoted to legal ethics. Under these circumstances, we agree that it is not necessary for respondent to undergo further MPRE testing, and we therefore grant her request for a waiver.
We have further determined that respondent's submission establishes by clear and convincing evidence that she has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspensions in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pastor], 194 AD3d 1307, 1309 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Specifically, respondent has sufficiently established her compliance with the order of suspension, as she attests to having never represented any clients in this state, which effectively negates any obligation to contact any client, return client property or return any fees. We also find that respondent has demonstrated the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pratt], 186 AD3d 965 [2020]). As for the remainder of the applicable test, given respondent's application submissions and the nature of her misconduct, which does not involve a high degree of severity (see generally Matter of Sklar, 186 AD3d 1773, 1775 [2020]), we find that respondent's reinstatement and ability to resign from the New York bar with an otherwise clean disciplinary history would be in the public interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d 1243, 1245 [2019]). Thus, we grant respondent's motion in its entirety, reinstate her to the practice of law and immediately grant her application for nondisciplinary resignation.
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York; and it is further
ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); [*3]and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.
Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's reinstatement application.