Matter of Attorneys in Violation of Judiciary Law § 468-a (Narayanan) (2022 NY Slip Op 00933)

Matter of Attorneys in Violation of Judiciary Law 468-a (Narayanan)

2022 NY Slip Op 00933

Decided on February 10, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 10, 2022

PM-25-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Mala S. Narayanan, Also Known as Mala Sundar, Respondent. (Attorney Registration No. 2736205.)

Calendar Date:December 20, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Mala Sundar, Ewing, New Jersey, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1996 and is also admitted in New Jersey, where she presently serves as the Presiding Judge of the Tax Court of New Jersey. She was suspended from the practice of law in this state by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations from 2008 onward (113 AD3d 1020, 1044 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]).
After curing her registration delinquency in May 2021 and registering retroactively as retired, respondent now moves for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, in succession, for an order granting her leave to resign from the New York bar for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it opposes respondent's motion,[FN1] and respondent has submitted reply correspondence addressing AGC's concerns.
It is initially noted that respondent seeks to avail herself of an expedited procedure previously approved by this Court wherein she seeks her reinstatement to the practice of law in this state and contemporaneously requests leave to resign for nondisciplinary reasons (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Thurston], 186 AD3d 963 [2020]; Matter of Attorneys in Violation of Judiciary Law §
468-a [Menar], 185 AD3d 1200 [2020]). Turning first to the reinstatement issue, we find that respondent's application satisfies the threshold requirement of a sworn affidavit in the proper form provided for in appendix C of the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, as is required for all attorneys suspended for longer than six months. As for other threshold documentation required to be submitted in support of her application, we find that respondent's submissions are sufficient to support a waiver of the Multistate Professional Responsibility Examination requirement applicable to all attorneys — even those certified as retired — who seek reinstatement from suspensions of more than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Fernando], 198 AD3d 1096 [2021]).
We further conclude that respondent's submission establishes by clear and convincing evidence that she has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspensions in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pastor], 194 AD3d 1307, 1309 [2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Thompson], 185 AD3d 1379, 1381 [2020]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [*2][a]). Specifically, respondent has established her compliance with the order of suspension, as she attests to having never practiced in this state, which effectively negates any obligation to contact any client, return client property or return any fees. We also find that respondent has clearly demonstrated the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pratt], 186 AD3d 965 [2020]). As for the remainder of the applicable test, given respondent's application submissions and the nature of her misconduct, which is of limited severity (see generally Matter of Sklar, 186 AD3d 1773, 1775 [2020]), we find that respondent's reinstatement and ability to resign from the New York bar with an otherwise clean disciplinary history would be in the public interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d 1243, 1245 [2019]). Accordingly, we grant respondent's motion in its entirety, reinstate her to the practice of law and immediately grant her application for nondisciplinary resignation.
Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York; and it is further
ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.

Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's motion.