Matter of Attorneys in Violation of Judiciary Law § 468-a (Pavlov) (2022 NY Slip Op 02610)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Pavlov)

2022 NY Slip Op 02610

Decided on April 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 21, 2022

PM-89-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; William Michelson Pavlov, Respondent. (Attorney Registration No. 2193985.)

Calendar Date:January 3, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
William Michelson Pavlov, Deland, Florida, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1988 and is also admitted in Texas and in Florida, where he currently resides and practices immigration law. By May 2019 order of this Court, respondent was suspended from the practice of law indefinitely for conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a since the 2012-2013 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1746 [2019]). Having cured his outstanding registration delinquency in August 2020, respondent now moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]) and, in succession, for an order granting him leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) has opposed respondent's successive motions.
We first turn to the procedural requirements applicable to respondent, an attorney who has been suspended for longer than six months seeking his reinstatement and, in succession, his nondisciplinary resignation. To this end, respondent has not submitted proof that he has passed the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to applying for reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]). Instead, respondent seeks a waiver of the MPRE requirement, contending that such a waiver is appropriate based upon his simultaneous request to resign from the practice of law in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], 185 AD3d 1200, 1202 [2020]; see Matter of Attorneys in Violation of Judiciary Law § 468—a [D'Alessandro], 177 AD3d 1243, 1244 [2019]). However, respondent has not submitted the appropriate affidavit in support of that part of his motion seeking his nondisciplinary resignation (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [a]; part 1240, appendix E). We therefore find that respondent is not entitled to nondisciplinary resignation and, moreover, we do not place any consideration on his stated intent to resign as justification for his MPRE waiver request (see Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 169 AD3d 1349, 1350-1351 [2019]).
Nonetheless, we may still consider whether "good cause" for the waiver is evident as part of his application for reinstatement (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [2017]). To that end, we note that respondent seeks his reinstatement from a suspension arising from a registration delinquency as opposed to more significant misconduct (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pratt], 186 AD3d 965, 967 [2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Thurston], 186 AD3d 963, 964 [2020]; cf. Matter of Sklar, 186 AD3d 1773, 1775 [2020]). Moreover, respondent is in good standing in Florida and in Texas, and he provides proof that he is compliant with the continuing legal education requirements of those jurisdictions (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Sauer], 178 AD3d 1191, 1193 [2019]). Taking these factors into account, we find that respondent's circumstances justify a waiver of the MPRE requirement.
Turning to the merits of his motion, we find that respondent has satisfied the substantive requirements applicable to all attorneys seeking reinstatement from suspensions in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Maurits], 169 AD3d 1153, 1154 [2019]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Respondent has demonstrated his compliance with the order of suspension and the Rules of this Court governing the conduct of suspended attorneys, insomuch as he attests to having never practiced law in this state. Further, we find that respondent has demonstrated the requisite character and fitness for reinstatement as he attests to having no criminal record or disciplinary history beyond his current suspension, and further states that he is not the subject of any governmental investigation. Finally, we find that respondent's reinstatement would be in the public interest. Respondent's compliance with the continuing legal education requirements in Texas and Florida, along with his continued good standing in those jurisdictions, suggest that no detriment would inure to the public from his reinstatement. Further, respondent's continued work as an immigration attorney in his home jurisdiction provides a tangible benefit to the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Joon Woo Lee], 172 AD3d 1878, 1879 [2019]). Accordingly, we grant that part of respondent's motion seeking his reinstatement to the practice of law in this state and deny his request for leave to resign for nondisciplinary reasons.
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, concur.
ORDERED that respondent's motion is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.