Matter of Attorneys in Violation of Judiciary Law § 468-a (Rea) (2022 NY Slip Op 06984)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Rea)

2022 NY Slip Op 06984

Decided on December 8, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 8, 2022

PM-214-22
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Angela Marie Rea, Respondent. (Attorney Registration No. 4150504.)

Calendar Date:August 29, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Angela Marie Rea, Louisville, Kentucky, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2003 and is also admitted in Kentucky, where she resides and has served as a public defender since 2003. She was suspended from the practice of law in this state by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from her failure to comply with her attorney registration obligations beginning in 2005 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1048 [3d Dept 2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). She cured her registration delinquency in May 2022 and now applies for her reinstatement and, in succession, for an order granting her leave to resign for nondisciplinary reasons (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22). Petitioner advises that it defers to this Court's discretion as to the overall disposition of respondent's motion.[FN1]
Initially, it is noted that respondent seeks to avail herself of an expedited procedure approved by this Court wherein she contemporaneously seeks her reinstatement to the practice of law in this state and requests leave to resign for nondisciplinary reasons (see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Fernando], 198 AD3d 1096, 1096-1097 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468—a [Thurston], 186 AD3d 963, 964 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468—a [Menar], 185 AD3d 1200, 1201 [3d Dept 2020]). Addressing first her application for reinstatement, we find that respondent has appropriately submitted a sworn affidavit in the proper form provided for in appendix C of the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, as is required for all attorneys suspended for longer than six months. As for other threshold documentation applicable to all attorneys seeking reinstatement from suspensions of more than six months, respondent seeks a waiver from the requirement that she provide proof of her passage of the Multistate Professional Responsibility Examination (hereinafter MPRE) within one year prior to her reinstatement application (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16).
To demonstrate one's entitlement to a waiver of the MPRE requirement, "good cause" must be shown, which standard may be satisfied by providing assurances "that additional MPRE testing would be unnecessary under the circumstances" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 156 AD3d 1223, 1224 [3d Dept 2017]). In this regard, we conclude that respondent has sufficiently demonstrated that further MPRE testing is unnecessary in view of her continuing legal employment as a public defender in Kentucky, her extensive and ongoing participation in continuing legal education programs, and her otherwise unblemished disciplinary history. The need for additional ethical testing is further diminished by respondent's [*2]motion "to simultaneously resign in conjunction with her motion for reinstatement" (Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Alessandro], 177 AD3d 1243, 1244 [3d Dept 2019]). Accordingly, we grant her request for a waiver from additional MPRE testing (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Fernando], 198 AD3d at 1097; Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], 185 AD3d at 1202).
Turning to the substantive merits of respondent's application for reinstatement, we have further determined that respondent's submissions establish by clear and convincing evidence that she has satisfied the three-part test applicable to all attorneys seeking reinstatement from suspensions in this state (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Narayanan], 202 AD3d 1269, 1270 [3d Dept 2022]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], 185 AD3d at 1202; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Specifically, we find that respondent's statements and submissions have sufficiently established her compliance with the order of suspension and the rules governing suspended attorneys; namely, that she has never represented any clients in this state, thus effectively negating any obligation to contact any client, return client property or return any fees. We also find that respondent has demonstrated the requisite character and fitness for reinstatement (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Fernando], 198 AD3d at 1098; Matter of Attorneys in Violation of Judiciary Law § 468-a [Mayes], 197 AD3d 1500, 1501 [3d Dept 2021]).
Finally, in view of respondent's submissions and the nature of her misconduct, which is less severe than more egregious misconduct (see generally Matter of Sklar, 186 AD3d 1773, 1775 [3d Dept 2020]), we find that respondent's reinstatement and ability to resign from the New York bar with an otherwise clean disciplinary history would be in the public interest (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Narayanan], 202 AD3d at 1270-1271; Matter of Attorneys in Violation of Judiciary Law § 468-a [Mayes], 197 AD3d at 1501; Matter of Attorneys in Violation of Judiciary Law § 468—a [Thurston], 186 AD3d at 964-965). Accordingly, we grant respondent's motion in its entirety, reinstate her to the practice of law and immediately grant her application for nondisciplinary resignation.
Garry, P.J., Lynch, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York; and it is further
ORDERED that respondent's application for leave to resign is simultaneously granted and her nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors[*3]-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.

Footnotes

Footnote 1: Finding no open claims, the Lawyers' Fund for Client Protection advises that it does not oppose respondent's motion.