Matter of Attorneys in Violation of Judiciary Law § 468-a (Dubroff) (2023 NY Slip Op 02052)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Dubroff)

2023 NY Slip Op 02052

Decided on April 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 20, 2023

PM-85-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Harold Dubroff, Respondent. (Attorney Registration No. 1077411.)

Calendar Date:January 30, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Harold Dubroff, Charlottesville, Virginia, respondent pro se.

Per Curiam.
Respondent was admitted to practice by the First Department and resides in Charlottesville, Virginia, where he is retired from the practice of law. Respondent was suspended from practice by May 2019 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2014 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 172 AD3d 1706, 1721 [3d Dept 2019]). He cured his registration delinquency in November 2022 and now applies for reinstatement (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16), and for leave to resign for nondisciplinary reasons by motion made returnable January 30, 2023. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the motion by January 26, 2023 correspondence and respondent was heard in reply to AGC by January 27, 2023 correspondence.
While AGC makes certain objections regarding respondent's reinstatement affidavit, upon review of the facts and circumstances, including respondent's attestations in his reinstatement application, we have determined that respondent has established, by clear and convincing evidence, that (1) he has complied with the order of suspension and the rules of this Court, (2) he has the requisite character and fitness to practice law, and (3) it would be in the public interest to reinstate him to the practice of law (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Jenkins], 211 AD3d 1452, 1453 [3d Dept 2022]). We therefore grant respondent's motion in its entirety, reinstate him to the practice of law and immediately grant his application for nondisciplinary resignation (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Fernando], 198 AD3d 1096, 1098 [3d Dept 2021]).
Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately; and it is further
ORDERED that respondent's application for leave to resign is simultaneously granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold [*2]himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.