Matter of Attorneys in Violation of Judiciary Law § 468-a (Devlin) (2023 NY Slip Op 02169)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Devlin)

2023 NY Slip Op 02169

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

PM-92-23
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Timothy Devlin, Respondent. (Attorney Registration No. 2806073.)

Calendar Date:March 27, 2023

Before:Garry, P.J., Egan Jr., Lynch, Clark and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.
Frankfurt Kurnit Klein & Selz, PC, New York City (Nicole I. Hyland of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1997 and currently resides in Delaware, where he was admitted in 2002 and manages his own eponymous firm. Respondent was suspended from practice by January 2014 order of this Court for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration obligations beginning in 2009 (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1029 [3d Dept 2014]; see Judiciary Law § 468-a; Rules of Chief Admr of Cts [22 NYCRR] § 118.1). Respondent cured his existing registration delinquency in October 2018 but soon fell delinquent again, resulting in the denial of his two applications for reinstatement in 2021 (Matter of Attorneys in Violation of Judiciary Law § 468-a [Devlin], 197 AD3d 1431, 1432 [3d Dept 2021]). With his outstanding registration obligations now cured, respondent once again applies for reinstatement, and for leave to resign for nondisciplinary reasons, by motion made returnable February 27, 2023. Following the matter's adjournment on respondent's request, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) was heard in response to respondent's motion by March 24, 2023 correspondence, wherein it opposes the motion.[FN1] As a result, respondent sought to address the issues underlying AGC's opposition, and thereafter submitted correspondence to the Court regarding these concerns.
An attorney "seeking reinstatement from suspension must establish, by clear and convincing evidence, that (1) he or she has complied with the order of suspension and the Rules of this Court, (2) he or she has the requisite character and fitness for the practice of law, and (3) it would be in the public's interest to reinstate the attorney to practice in New York" (Matter of Attorneys in Violation of Judiciary Law § 468-a [Nenninger], 180 AD3d 1317, 1317-1318 [3d Dept 2020]; see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). In addition, an attorney seeking reinstatement must also satisfy certain threshold procedural requirements (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [e]; see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c]).
A review of respondent's submissions indicates that he availed himself of the appropriate form affidavit (see Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix D; see also Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [2]) and has cured his registration delinquency. However, AGC objects to respondent's reinstatement, in part, on the grounds that respondent has not submitted sufficient proof, specifically CLE certificates of attendance, showing that he has complied with Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5). A review of respondent's supplemental submissions, which include CLE certificates of attendance, reveal that, within the two years preceding his application for reinstatement, [*2]respondent earned one credit each in the categories of Ethics and Professionalism, and Cybersecurity, Privacy & Data Protection-General, as well as six total credits in the Skills and Law Practice Management categories, with courses that specifically relate to the practice of law in New York (see Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [c] [5] [c], [h], [i]). Given this, we find that respondent has satisfied the procedural requirements in making his application for reinstatement.
Turning to respondent's compliance with the Court's rules and the order of suspension, respondent filed an affidavit of compliance pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.15 (f) contemporaneously with his application for reinstatement. In that document, respondent acknowledges the suspension order and attests to being compliant with all of the relevant provisions of the Judiciary Law, including refraining from the practice of law in this state.[FN2] Respondent further avers that he does not represent any clients or possess any client property in New York, except for certain lawsuits currently pending in federal court within New York, and respondent indicates that he has advised those federal courts of his suspension in New York. Given these assertions, and the lack of any evidence to the contrary, respondent appears compliant with the Court's rules and the order of suspension (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Lawrence], 193 AD3d 1318, 1319 [3d Dept 2021]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Alimanova], 175 AD3d 1767, 1768 [3d Dept 2019]).
As to respondent's character and fitness and the public's interest in his reinstatement, respondent states that he is in good standing in Delaware, where he is admitted to practice and resides. While he was administratively suspended in the District of Columbia for failure to pay registration fees, respondent attests that he has since paid all fees in that jurisdiction and is now in good standing once again. Respondent similarly disclosed certain matters on his application that occurred during his suspension, including traffic violations, that have since resolved. As such, in evaluating all of the facts, respondent has demonstrated clear and convincing evidence of the requisite character and fitness and we are assured that his reinstatement would not injure the public (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Pratt], 186 AD3d 965, 967 [3d Dept 2020]).
Noting that there appear to be no other barriers to a nondisciplinary resignation (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], 185 AD3d 1200, 1201 [3d Dept 2020]; Matter of Attorneys in Violation of Judiciary Law § 468-a [D'Allesandro], 177 AD3d 1243, 1244 n [3d Dept 2019]; see also Judiciary Law § 468-a; Rules of Chief Admr of Cts [22 NYCRR] § 118.1), and following a review of respondent's motion for leave to resign for nondisciplinary reasons (see Rules [*3]for Attorney Disciplinary Matters [22 NYCRR] § 1240.22; Rules for Attorney Disciplinary Matters [22 NYCRR] part 1240, appendix E), we grant respondent's motion for reinstatement and, in succession, grant his motion for nondisciplinary resignation (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Menar], 185 AD3d at 1202).
Garry, P.J., Egan Jr., Lynch, Clark and Fisher, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately; and it is further
ORDERED that respondent's application for leave to resign is simultaneously granted and his nondisciplinary resignation is accepted; and it is further
ORDERED that respondent's name is hereby stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]); and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to him.

Footnotes

Footnote 1: The Lawyer's Fund for Client Protection does not object to respondent's motion, instead leaving the disposition of the matter to our discretion.

Footnote 2: While respondent's application for reinstatement makes certain statements regarding his law practice having a New York address in the years during his suspension, respondent asserts that he did not operate out of that location at the relevant times and did not earn any income from the New York location.